FILED

DEC 12 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY _____, DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

1.) ADAM HOLLEY;

*Plaintiff.*

-against-

1) BENJAMIN LEPAK, in his official capacity
   as Acting Oklahoma Secretary of State;
2) OKLAHOMA STATE ELECTION BOARD;

*Defendant(s).*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. __CIV-25-1485-JD__
*(to be filled in by the Clerk's Office)*

Jury Trial: ☒ Yes ☐ No
*(check one)*

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

ProSe-05

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... 2

TABLE OF AUTHORITIES ............................................................................................... 2

I.      The Parties to This Complaint ................................................................... 3

II.     Basis for Jurisdiction.................................................................................. 3

III.    Related Proceedings ................................................................................... 4

IV.     Statement of Claim ..................................................................................... 4

V.      Injury and Threatened Deprivation of Rights ...................................... 10

VI.     Relief Requested ....................................................................................... 11

VII.    Conclusion ................................................................................................. 12

VIII.   Certification and Closing ........................................................................ 14

## TABLE OF AUTHORITIES

### Cases

Holley v. Bingman, et al. ................................................................................................. 4

*Holley v. Oklahoma Secretary of State* ........................................................................ 4

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803)................................................... 7

NAACP v. Alabama ex rel. Flowers, 377 U.S. 304 (1964)........................................ 5

U.S. Term Limits, Inc. v. Thornton (1995)................................................................. 12

U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779 (1995)...................................... 7, 9

### Statutes

28 U.S.C. § 1331 ............................................................................................................... 3

28 U.S.C. § 1343(a)(3)–(4) .............................................................................................. 4

42 U.S.C. § 1983 ..................................................................................................... 3, 4, 13

U.S.C. §§ 2201–2202 ....................................................................................................... 4

### Rules

Rule 11 ............................................................................................................................. 14

### Constitutional Provisions

Article I, § 2, Clause 2 ................................................................................................... 10

Article I, § 3, Clause 3 ..................................................................................................... 9

Article I, § 4, Clause 1 ..................................................................................... 7, 8, 9, 12

Article VI Clause 2 ..................................................................................................... 9, 10

First Amendment ........................................................................... 3, 5, 6, 10, 11, 12

Fourteenth Amendment ........................................................... 3, 5, 7, 10, 11, 13

ProSe-05

## I.    The Parties to This Complaint

Plaintiff ADAM HOLLEY as Pro Se, is a citizen of the State of Oklahoma, residing in Tulsa County, Oklahoma. He may be contacted by mail at 13927 E. 171st St S, Bixby, Oklahoma 74008 and by telephone at (918) 900-4441.  Plaintiff is a duly registered voter in the State of Oklahoma, and as such is one of the, "We the People" whose rights are secured and protected by the United States Constitution.

Defendants are Benjamin Lepak in his official capacity as Acting Secretary of State for the Oklahoma Secretary of State Office of 2300 N. Lincoln Blvd, Room 122, State Capitol Building, Oklahoma City, OK 73105 and the Oklahoma State Elections Board of 2300 N. Lincoln Blvd, Room G28, State Capitol Building, Oklahoma City, OK 73105.

## II.    Basis for Jurisdiction

This action arises under the Constitution and laws of the United States, including the First Amendment and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. Plaintiff alleges that Defendants, acting under color of state law, are administering and advancing State Question No. 836, Initiative Petition No. 448, in a manner that infringes core First Amendment rights of political association and assembly and abridges the privileges, immunities, due process, and equal protection guarantees of the Fourteenth Amendment.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims present federal questions arising under the Constitution and laws of the United

States, and pursuant to 28 U.S.C. § 1343(a)(3)–(4) because this action seeks to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and federal law. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and 42 U.S.C. § 1983.

### III.    Related Proceedings

Plaintiff is also the petitioner in *Holley v. Oklahoma Secretary of State*, a petition for a writ of certiorari currently pending inspection to be received in the Supreme Court of the United States. That petition arises from prior federal litigation challenging Oklahoma's primary-based election structure which landed in the United States Court of Appeals for the Tenth Circuit under 24-6237 - Holley v. Bingman, et al. and presents substantially similar constitutional questions concerning the displacement of the Constitution's design for federal elections, the erosion of core political-association rights, the deprivation of voters' ability to be represented on the November general-election ballot by candidates of their chosen party, and the systematic dilution of every constitutionally eligible candidate's right to be recognized on the only general-election ballot permitted by the United States Constitution. The issues presented in this action are therefore neither novel nor speculative, but part of an ongoing and active controversy over the constitutionality of Oklahoma's election mechanisms.

### IV.    Statement of Claim

Defendants are creating an unconstitutional act by continuation of the ballot initiative for State Question **No. 836**, Initiative Petition **No. 448**. This initiative down Oklahoma's election integrity and creates a vulnerability to outside influences effectively

changing the landscape of our Constitutional Republic further away from its roots and drastically changing how Oklahoma is legislated.

This mechanism directly removes any fair association rights of every eligible candidate except the two that collect the most votes, making it possible for either political party to be restricted from being represented on the ONLY constitutional election date in November as recognized by the Constitution. By continuing such actions, the State is violating the Fourteenth Amendment:

> *"__No State shall make__ or enforce any law __which shall abridge the privileges__ or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."*

State Question 836 Initiative Petition number 448 Section 2 Item *C.:*

> *The two candidates who receive the most votes in the open primary election shall advance to the general election, without regard to their affiliation or lack of affiliation with any political party and without regard to whether the candidates have been nominated or endorsed by any political party.*

As drafted, the proposed "Open Primary" initiative operates to exclude an entire political party from the constitutionally prescribed November general-election ballot whenever the two highest primary vote-getters come from a single opposing party. This structure impermissibly burdens core First Amendment rights of political association and assembly, as recognized in NAACP v. Alabama ex rel. Flowers, 377 U.S. 304 (1964).

5

*"It is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is **an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment**, which embraces freedom of speech."*

In a self-governing Constitutional Republic, the State may NOT usurp or compel the nominating functions of a private political association, nor dictate whom that association selects to represent its cause, by employing state action to interfere with those private choices prior to the constitutionally prescribed election date. Any elector/voter who wishes to participate in a particular party's nomination may, before the electoral process begins, freely register or affiliate with that party, obviating any purported need for State compulsion in the internal selection of its nominees.

The challenged scheme strikes at the core of a self-governing constitutional republic by erasing the fundamental distinctions between political parties, each of which is organized around its own coherent and often divergent belief system. Political parties possess a constitutional right of association to be represented on the constitutionally prescribed election day by the candidate who best embodies their shared principles and objectives.

The proposed "open primary" allows the top two primary vote-getters—regardless of party—to monopolize the November general-election ballot, enabling the complete exclusion of an entire party. That exclusion severely burdens First Amendment associational and assembly rights and deprives Plaintiff and all Oklahoma voters of their

constitutional right to access each party's eligible candidates on the Constitution's prescribed November election date.

This scheme—like all primary-based election systems that displace the Constitution's design—violates the original intent of Article I, § 4, Clause 1 of the United States Constitution by enabling the State of Oklahoma, acting through the Secretary of State and the Oklahoma State Election Board, to employ mechanisms that effectively revoke otherwise-eligible candidates' constitutional right to appear on the declared November ballot, thereby reallocating political power without the due process guaranteed by the Fourteenth Amendment.

Furthermore, more than two centuries ago the Supreme Court made clear in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), that a law repugnant to the Constitution is void and that all branches of government are bound by the Constitution as the supreme law. Any enactment that conflicts with the Constitution's original design is void *ab initio* and has no lawful force or effect. The proposed constitutional amendment, by entwining state power with a primary-based mechanism that authorizes the removal of constitutionally eligible and approved candidates from the November ballot, effectuates an unconstitutional revocation of the basic rights and privileges of all such candidates guaranteed by the Constitution.

In U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779 (1995), the Supreme Court held that States "*cannot impose additional restrictions, such as term limits, on its representatives in the federal government beyond those provided by the Constitution.*" By conditioning access to the only federal general-election ballot the Constitution recognizes

on compliance with a newly created "open primary" mechanism, the initiative imposes additional, non-constitutional qualifications on candidates and unlawfully burdens the right to be considered on the constitutionally prescribed date for choosing federal officers.

Under the Constitution, the State's core election duty is to run the single, federal general election in November—when federal officials are actually chosen. Political parties are private associations and may pick their nominees however *they* wish, nothing in the Constitution requires or suggests the State to design, fund, or administer separate, taxpayer-financed primary elections for any non-government organizations benefit or the states interest, or to make those primaries a mandatory gateway to the November ballot. When the State spends public money to operate and enforce a party-primary system that controls who may appear on the November ballot, it goes beyond its limited constitutional role and distorts the federal election structure. Article I, § 4, Clause 1 confines the State's authority and obligation to prescribing only the *time, place, and manner* of holding federal elections, and thus to directing its official election machinery and public funds to only one election the constitutionally scheduled November general election, rather than to financing or administering party nominating processes, on equal terms for all qualified candidates and voters.

The Defendant's and the states election machinery as it stands before this attempted unconstitutional act amended to the state's constitution have already operated in an unconstitutional act with current primary election schemes whereas the constitutional rights and privileges of eligible candidates of any party affiliation had been removed from a scheme designed to revoke constitutional privileges to serve in Federal

8

Office by removing many names before the only election recognized by Article I, § 4, Clause 1 by adding a pre-qualification race called "Primary Elections" which go beyond the Supreme Court's ruling in U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779 (1995) by adding a pre-requisite of winning a party nomination before receiving the Constitutional right as afford in Article I, § 2, Clause 2 or Article I, § 3, Clause 3.

A State may not enact legislation that nullifies or abridges rights secured to citizens by the United States Constitution, pursuant to Article VI Clause 2 (the Supremacy Clause). *"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, **shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby**, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."*

Plaintiff, together with all members of "We the People," possesses a constitutional right and privilege to be offered the full slate of eligible candidates for public office, without discrimination based on party affiliation. Likewise, political parties and other non-governmental associations enjoy equal constitutional rights to organize, associate, and select their preferred candidates in peace, free from intrusive state control, supervision, or entwinement in their internal affairs.

Ballot access in federal elections belongs, in the first instance, to the citizens. The First Amendment secures to every citizen the rights of political association and assembly, including the right to form organizations structured around shared ideology. But neither a private organization nor any state agency has constitutional authority to dictate which

eligible citizens may appear on the November general-election ballot, or under what political identification those candidates chose to represent themselves as to the voters on that ballot.

## V.    Injury and Threatened Deprivation of Rights

Plaintiff is a duly registered Oklahoma voter who consistently supports and affiliates with his chosen political party. The Plaintiff has a constitutional right to associate with that party and to cast his vote on the constitutionally prescribed November election date for a candidate who openly represents that party's beliefs, platform, and identity.

If State Question No. 836, Initiative Petition No. 448, is approved and implemented, the "top-two" open primary mechanism will, in many races, prevent any candidate from Plaintiff's chosen party from appearing on the November general-election ballot, even where that party fields eligible candidates and enjoys substantial electoral support. In such circumstances, Plaintiff will be deprived of the opportunity to vote in November for any candidate of his chosen party and will be compelled, if he wishes to vote at all, to choose between candidates who may both be drawn from an opposing party against the Plaintiff's beliefs and core ideologies.

This constitutes a concrete, particularized, and imminent injury to Plaintiff's First Amendment right of political association and to his Fourteenth Amendment rights to due process and equal protection, by extinguishing his ability to be represented on the November ballot by a candidate of his chosen party solely through the operation of an unconstitutional primary structure. The resulting deprivation of his associational and

electoral rights on the only constitutionally recognized election date is an irreparable harm for which there is no adequate remedy at law.

## VI.    Relief Requested

1) **Injunctive Relief** – Plaintiff respectfully requests that this Court enter an order enjoining Defendants, and all persons acting in concert with them, from taking any further steps to certify, place, or maintain State Question No. 836, Initiative Petition No. 448, on any ballot prior to the upcoming midterm elections, and directing that the measure be removed from any such ballot unless and until this Court has fully reviewed and determined its constitutional validity, rather than permitting it to advance on mere plausibility or policy grounds.

2) **Declaratory Relief** – Candidate & Voter Rights. A declaration that SQ 836, if allowed to proceed, would unlawfully erode the rights of every otherwise-eligible candidate to be recognized on the constitutionally-contemplated general-election ballot, and would deny Plaintiff and similarly-situated voters a meaningful opportunity to support candidates of their choice in that election, in violation of the First Amendment and Fourteenth Amendment (freedom of association, equal protection, and substantive due process).

3) **Injunctive Relief – Governor's Proclamation / Special Election.**
A temporary restraining order, preliminary injunction, and permanent injunction prohibiting the Governor, and any successor, from issuing any proclamation or order that (a) calls or designates any special statewide election for SQ 836, or (b) places SQ 836 on the ballot for the November 3, 2026 general election or any other regular

11

statewide election, pursuant to his discretionary authority to submit initiated measures at a special election under Oklahoma law.

4) **Injunctive Relief – Ballot Preparation & Publication.**

A temporary restraining order, preliminary injunction, and permanent injunction prohibiting the Secretary of State, the State Election Board, and any county election officials from taking any steps to prepare, print, distribute, or use ballots, voter-information materials, or election machinery that include SQ 836, unless and until this Court authorizes such actions after final judgment.

5) **Ancillary Relief – Expedited Treatment.**

An order expediting briefing and hearing on Plaintiff's request for preliminary injunctive relief in light of the ongoing 90-day signature-gathering period and the imminence of certification and gubernatorial action.

## VII.   Conclusion

Defendants continued use of primary-based election machinery, together with the advancement of State Question No. 836, Initiative Petition No. 448, operates under color of state law to deprive Plaintiff, and all similarly situated Oklahoma voters and candidates, of rights secured by the United States Constitution. By conditioning access to the only constitutionally prescribed federal general-election ballot on success in a State-created and State-financed primary mechanism, and by authorizing a "top-two" scheme that can entirely exclude a political party and its candidates from the November ballot, Defendants have exceeded the limited authority granted by Article I, § 4, Clause 1, imposed unconstitutional additional qualifications in violation of U.S. Term Limits, Inc. v. Thornton (1995), and abridged core First Amendment

associational and assembly rights as incorporated through the Fourteenth
Amendment.

The initiative at issue does not merely adjust "time, place, and manner" rules; it
restructures who may appear before the People on the only election date the
Constitution recognizes for choosing federal officers. In doing so, it nullifies the
rights of otherwise-qualified candidates to present themselves to the electorate in
November, and it strips voters—Plaintiff among them—of the ability to support their
chosen party's candidates on equal terms with others. Such a scheme is repugnant to
the Constitution and, under Marbury v. Madison and the Supremacy Clause, is void
and without lawful effect.

Plaintiff has alleged concrete, particularized, and imminent injury to his
associational, electoral, and equal-protection rights. That injury is directly traceable to
Defendants' acts and omissions and is redressable through declaratory and injunctive
relief under 42 U.S.C. § 1983 and this Court's equitable powers. Absent immediate
judicial intervention, Plaintiff and the broader body of "We the People" will continue
to suffer irreparable harm as Oklahoma's election apparatus is further weaponized to
control who may appear on the November ballot and under what political identity.
For these reasons, and for those set forth more fully in the foregoing Statement of
Claim and Injury sections, Plaintiff respectfully requests that this Court: (1) declare
the challenged election structure and proposed "top-two" open primary mechanism
unconstitutional on their face and as applied; (2) enjoin Defendants from processing,
certifying, or submitting State Question No. 836, Initiative Petition No. 448, to the
voters or otherwise enforcing any primary-based prerequisite to ballot access for the

13

November general election; and (3) grant such other and further relief as is just and proper to vindicate and protect the federal constitutional rights at stake.

## VIII.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: December 12, 2025.

Adam Holley – Pro Se
13927 E 171st St. S
Bixby, OK 74008
info@AdamForOklahoma.com

14